IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEROME VINCENT LEE, JR.** | |
| Plaintiff, | Case No. 2:21-cv-4706 |
| v. | Judge James L. Graham |
| **SGT. TUMBLESON,** *et al.,* | Magistrate Judge Chelsey M. Vascura |
| Defendants. | |

### ORDER

This matter is before the Court for consideration of the December 22, 2021, Report and Recommendation of Magistrate Judge Vascura to whom this case was referred pursuant to 28 U.S.C. § 636(b). (ECF No. 6.) After performing an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Vascura recommended that the Court dismiss this action for failure to state a claim upon which relief may be granted. (*Id.* at 41.) On January 5, 2022, Plaintiff filed his objection to Magistrate Judge Vascura's Report and Recommendation. (ECF No. 7.) For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection (ECF No. 7) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Vascura (ECF No. 6).

I. **STANDARD OF REVIEW**

Plaintiff timely filed his objection to Magistrate Judge Vascura's Report and Recommendation. If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As

required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

## II. DISCUSSION

Plaintiff's Complaint alleges that one of the Defendants took his personal property from his jail cell while he was placed in limited privilege housing. (Compl. 4, ECF No. 5.) Plaintiff lists what was taken and expresses his dissatisfaction with his attempts to utilize the prison's internal grievance procedure to obtain relief. (*Id.*)

Magistrate Judge Vascura determined that even accepting Plaintiff's allegations as true, he has failed to state a claim upon which relief can be granted, because he has not sufficiently alleged the inadequacy of the available remedies under Ohio law. (ECF No. 6 at 43.) This is because the Supreme Court has held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from deprivation of a prisoner's property, whether the deprivation is negligent or intentional. (*Id.* citing *Parratt v. Taylor,* 451 U.S. 527 (1981); *Hudson v. Palmer,* 468 U.S. 517 (1984)). Following this Supreme Court precedent, the Sixth Circuit requires plaintiffs "to plead and prove that state remedies for redressing the wrong are inadequate" and where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *Vicory v. Warden,* 721 F.2d 1062, 1065–66 (6th Cir. 1983); *see also Gibbs v. Hopkins,* 10 F.3d 373, 377–78 (6th Cir. 1993) (finding dismissal appropriate where a plaintiff did not adequately plead the inadequacy of state judicial remedies).

Magistrate Judge Vascura also pointed that Plaintiff's dissatisfaction with the administrative grievance process does not satisfy his burden, as "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer,* 80 F. App'x 427, 420 (6th Cir. 2003). (*Id.* at 44.) In sum, Magistrate Judge Vascura determined that Plaintiff's Complaint, which

2

contains only naked assertions "provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate [Plaintiff's] property-loss claims." (*Id.* at 45.)

Plaintiff, proceeding without the assistance of counsel, objected to the Report and Recommendation arguing that, "I am Housed at the Ohio State Penitentiary and this Shall Be enough Evidence to support my Lawsuit Claim" and the fact that his personal property is still in the possession of the correctional institution's employees proves that those employees violated his Eighth and Fourteenth Amendment rights.

Plaintiff's objection is noted, but it is still insufficient to overcome his burden, and dismissal of his claims is therefore appropriate. A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).

### III. CONCLUSION

The Court agrees with Magistrate Judge Vascura's Report and Recommendation (ECF No. 6), and it is **ADOPTED**. This action is hereby **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The Clerk is instructed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED**.

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 7, 2022